IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 24-cv-03368-GPG-TPO

ROCKET MORTGAGE, LLC,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

     Defendant.

---

## ORDER

---

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (D. 18). The Court GRANTS the motion for the following reasons.

This civil action relates to a single pending enforcement action, namely, *United States v. Rocket Mortgage*, LLC, No. 24-cv-02915-GPG-TPO (D. Colo).[1] That action arose from an allegedly discriminatory and retaliatory appraisal and loan origination process. Plaintiff Rocket Mortgage, LLC (Rocket) is a defendant in that action. It asserts as a defense there and as the basis of its claims here that it is hamstrung by a policy of Defendant United States Department of Housing and Urban Development (HUD) to enforce anti-discrimination provisions of the Fair Housing Act (FHA) that conflicts with its obligations to maintain appraiser independence under the Dodd-Frank Wall Street Reform and Consumer Protection Act's amendments to the Truth in Lending Act (TILA), 15 U.S.C. § 1639e(a). *See also* 12 C.F.R. § 1026.42.

---

[1] The Court draws the operative facts as set forth in the Complaint (D. 1).

Rocket asserts that such a policy exists based on the single related enforcement action and as a result of former-President Biden's Task Force on Property Appraisal and Valuation Equity (PAVE) culminating in HUD's Mortgagee Letter 2024-07, *Appraisal Review and Reconsideration of Value Updates,* available at https://www.hud.gov/sites/dfiles/OCHCO/documents/2024-07hsgml.pdf. Mortgagee Letter 2024-07 made certain amendments to HUD's Handbook 4000.1, *FHA Single Family Housing Policy Handbook*, but does not alter any existing regulations. *Id*.

While briefing for the instant motion was underway, on March 19, 2025, HUD released Mortgagee Letter 2024-07, *Rescinding Multiple Appraisal Policy Related Mortgagee Letters*, available at https://www.hud.gov/sites/default/files/OCHCO/documents/2025-08hsgml.pdf. This new letter specifically rescinds Mortgagee Letter 2024-07 "effective immediately" and reverts all the policy changes and related amendments to HUD's Handbook 4000.1. Rocket did not address this new policy guidance in its response, filed April 8, 2025 (D. 25), or otherwise seek leave to address it.

In view of the apparent complete recission of the challenged policy, the Court finds that Rocket's claims are moot. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'" *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). "Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit." *Rio Grande Silvery Minnow*, 601 F.3d at 1109 (citation omitted). "To determine whether any claim remains for review, we must ascertain what type of relief [Rocket] seek[s], and whether we can, at this juncture,

afford [it] meaningful relief." *Id*. (citing *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)).

Here, Rocket seeks "an order vacating HUD's policy of holding mortgage lenders responsible for failing to correct or remediate perceived or alleged appraiser bias or discrimination in an appraisal" and related legal determinations that would underlie such a result (D. 1 at 25). No such relief is available because, to the extent there ever was an actionable policy, which the Parties dispute, that policy no longer exists. Thus, the relief sought is not available, and Rocket's suit is moot. *Rio Grande Silvery Minnow*, 601 F.3d at 1115.

To the extent that any of the predicate legal issues remain in dispute, the Court would also dismiss this case on the basis of prudential ripeness. "In determining whether a claim relating to agency action is ripe, Courts must consider: (1) 'the fitness of the issue for judicial decision;' and (2) 'the hardship caused to the parties if review is withheld.'" *Bellco Credit Union v. United States*, No. 08-cv-01071-CMA-KMT, 2009 WL 189954, at *3 (D. Colo. Jan. 27, 2009) (quoting *Park Lake Res. Ltd. Liab. Co. v. United States Dep't of Agric.*, 197 F.3d 448, 450 (10th Cir. 1999)). To the extent there is a dispute over the legal issues raised here, that dispute exists in the context of the related enforcement action. As Rocket acknowledges, "[o]bviously, whether a particular lender is liable for relying on a particular appraiser's problematic appraisal depends on the specific facts and circumstances" (D. 25 at 24). These issues are not fit for judicial decision outside of a factual context in which they arise. *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) ("Absent [a statutory provision providing for immediate judicial review], a regulation is not ordinarily considered the type of agency action 'ripe' for judicial review under the [Administrative Procedure Act (APA) ] until the scope of the controversy has been reduced to

more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him." (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 891 (1990))).  Likewise, there is no hardship to Rocket because, as it argues, it would have been burdened because "HUD's policy forces new, affirmative obligations on Rocket" but it "would not bear that burden but for the policy" (*id*. at 25).

Accordingly, it is ORDERED that are Defendant's Motion to Dismiss Plaintiff's Complaint (D. 18) is GRANTED.  The Clerk of Court shall close this case.

DATED March 16, 2026.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge